UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WALE ADETONA,

                *Plaintiff,*

    -against-

EQUIFAX INFORMATION SERVICES LLC,

                *Defendant.*

Case No.: 5:26-cv-517 (GTS/MJK)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

By and through the undersigned counsel, Plaintiff Wale Adetona ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant Equifax Information Services LLC ("Equifax" or the "CRA Defendant") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

### Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendant caused Plaintiff due to its FCRA violations was suffered by Plaintiff in this District.

### The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Clay, New York.

6. Defendant Equifax is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

### Plaintiff's Claims Against Defendant Pursuant to
### the Fair Credit Reporting Act

7. Plaintiff had a student loan account originally serviced by a company doing business as Navient ("Navient").

8. That loan was later transferred to a company doing business as MOHELA ("MOHELA"); however, both the Navient tradeline and the MOHELA tradeline were reported simultaneously on Plaintiff's Equifax credit report for the same underlying debt (hereinafter the "Duplicate Account").

9. This created an inaccurate and misleading representation of Plaintiff's credit history.

10. Despite Plaintiff's disputes, Equifax failed to conduct reasonable reinvestigations and delete the Duplicate Account.

11. Equifax published the Duplicate Account to State Employees Credit Union on February 17, 2026 after Plaintiff disputed the Duplicate Account. This publication defamed Plaintiff, thereby:

   a. Giving State Employees Credit Union the false impression that Plaintiff was a poor credit risk.

   b. Impugning Plaintiff's reputation and character.

   c. Causing Plaintiff to suffer substantial emotional distress as described herein.

*Equifax Disputes*

12. On at least five separate occasions in 2025 and 2026, Plaintiff disputed the Duplicate Account to Equifax.

13. In response to each dispute, Equifax verified its reporting as accurate and continued to report the disputed Duplicate Account even though, had Equifax performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Equifax informed Plaintiff of its conclusion in dispute results dated March 20, 2025, June 5, 2025, August 23, 2025, September 7, 2025, and February 14, 2026.

### ***Damages***

14. At all times pertinent hereto, the conduct of Defendant Equifax and its agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

15. In the alternative, the conduct of Defendant Equifax and its agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

16. Defendant Equifax, as a direct and proximate result of its unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

17. Defendant Equifax's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

   a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through difficulty sleeping and frustration.

   b. Plaintiff was defamed by Defendant Equifax, which published false information

about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

18. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

19. Because of Defendant's willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

**CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY DEFENDANT EQUIFAX**
**(CONSUMER REPORTING AGENCY)**

*Violations of FCRA § 1681e(b)*

20. Equifax violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Equifax did not follow reasonable procedures to assure maximum possible accuracy of information it reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Duplicate Account.

*Violations of FCRA § 1681i*

21. Equifax violated FCRA § 1681i(a)(1) by failing to conduct reasonable reinvestigations of the Duplicate Account after Plaintiff disputed its accuracy to determine whether the Duplicate Account was accurately reporting.

---

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

22. Equifax violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the Duplicate Account.

23. Equifax violated FCRA § 1681i(a)(5) by failing to promptly delete the Duplicate Account from its consumer file for Plaintiff despite the fact that Equifax, had it conducted reasonable reinvestigations of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendant:

1. Awarding against Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

/s/ Servando Martinez
Servando Martinez
Sherman &amp; Ticchio PLLC
servando@st-legal.com
120 N. Main Street, Suite 302(b)
New City, NY 10956
212.324.3874